# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

L.M. (a juvenile),

    Respondent.

No. 06-CR-18-LRR

**ORDER**

_____

## TABLE OF CONTENTS

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*   *PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*III.*  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
      *A.*    *21 U.S.C. § 846* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
      *B.*    *Crime of Violence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*IV.*  *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

## *I. INTRODUCTION*

Before the court is the government's Motion to Transfer Proceedings ("Motion to Transfer") (docket no. 9).

## *II. PRIOR PROCEEDINGS*

On February 15, 2006, the government filed a five-count Juvenile Information

against L.M., a seventeen year old male.[1]  Each count charges that L.M. committed an act of juvenile delinquency, in violation of 18 U.S.C. § 5032.  Count 1 charges that, from about 2003 to February 2006, L.M. conspired to distribute heroin.  Count 2 charges that, on or about January 30, 2004, L.M. knowingly and intentionally distributed heroin to T.L., resulting in T.L.'s death.  Count 3 charges that, on or about October 12, 2005, L.M. knowingly and intentionally distributed heroin to J.M., resulting in serious bodily injury to J.M.  Count 4 charges that, on or about November 17, 2005, L.M. knowingly and intentionally distributed heroin.  Count 5 charges that, on or about December 22, 2005, L.M. knowingly and intentionally distributed heroin.  If L.M. were charged as an adult, the conduct alleged in Count 1 of the Juvenile Information would allege a violation of 21 U.S.C. § 846.  The conduct alleged in Counts 2, 3, 4 and 5 would allege violations of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

On February 17, 2006, the United States Attorney for the Northern District of Iowa, Charles W. Larson, Sr., filed a Certification to Proceed Under the Juvenile Justice and Delinquency Act ("Act"), 18 U.S.C. § 5031, *et seq*.  Mr. Larson, acting in delegation of authority of the United States Attorney General, *see* 28 C.F.R. § 0.57 (2006), certified that the offenses charged in the Juvenile Information are offenses described in Section 401 of the Controlled Substances Act, 21 U.S.C. § 841 *et seq.*, and that there is a substantial federal interest in the case to warrant the exercise of jurisdiction.  *See* 18 U.S.C. § 5032 (requiring certification).  Mr. Larson represented to the court that controlled substance trafficking by juveniles in the Northern District of Iowa is a significant and growing

---

[1] Pursuant to 18 U.S.C. § 5038(e), the court uses the juvenile's initials to identify him throughout this opinion, instead of his name.  "Unless a juvenile who is taken into custody is prosecuted as an adult neither the name nor the picture of any juvenile shall be made public in connection with a juvenile delinquency proceeding."  18 U.S.C. § 5038(e).

problem, and heroin distribution has resulted in the overdose deaths of more than twenty people in Eastern Iowa in the last five years.

On February 22, 2006, the government filed the instant Motion to Transfer. In the Motion to Transfer, the government asks the court to transfer L.M. to adult status pursuant to 18 U.S.C. § 5032. On March 17, 2006, L.M. filed a resistance. On April 3, 2006, L.M. filed a second resistance.

On April 3, 2006, the court held a hearing ("Hearing") on the Motion to Transfer. Assistant United States Attorney C.J. Williams represented the government. Attorney Stephen Swift represented L.M. L.M.'s parents were present and sat with L.M. at counsel table.

### *III. ANALYSIS*

At the Hearing, the parties focused their efforts on presenting evidence to show whether transferring L.M. to adult status would be in the interest of justice. 18 U.S.C. § 5032. The parties assumed that all five counts of the Juvenile Information were transferrable offenses. This assumption is incorrect. For the reasons expressed herein, the court holds that, regardless of the evidence presented at the Hearing, Count 1 is not a transferrable offense.

The Act grants the court limited authority to transfer a juvenile for adult prosecution. Only certain alleged acts of juvenile delinquency may be transferred. The Act permits the court to transfer a juvenile to adult status for an act committed after his fifteenth birthday, which, if committed by an adult, would be a felony that is (1) an offense described in 21 U.S.C. § 841 or (2) "a crime of violence."[2]

---

[2] There are exceptions to this rule, which are not relevant here. *See, e.g.*, 18 U.S.C. § 5032 (discussing persons subject to the jurisdiction of a tribal government); *see*
(continued…)

It is undisputed that L.M. was fifteen years old when the alleged conspiracy commenced. For the reasons that follow, however, the court finds that Count 1 is not an offense described in 21 U.S.C. § 841 or "a crime of violence."

### A. 21 U.S.C. § 846

Count 1 charges that L.M. conspired to distribute heroin. By its terms, Count 1 indicates that this conduct, if committed by an adult, would be a felony described in 21 U.S.C. § 846. Section 846 is the drug conspiracy statute, which states:

> Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy.

21 U.S.C. § 846. Section 841, by contrast, makes it illegal to commit a substantive offense, e.g., the actual distribution of heroin. Conspiracy to distribute heroin is not an offense described in Section 841.[3] *Cf. United States v. Felix*, 503 U.S. 378, 389 (1992) (recognizing that "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes"); *United States v. Rodgers*, 18 F.3d 1425, 1428-29 (8th Cir. 1994) (applying the rule enunciated in *Felix* to 21 U.S.C. §§ 841, 846).

Accordingly, the court holds that Count 1 is not an offense described in 21 U.S.C.

---

[2](…continued)
*also id.* (providing transfer for certain acts committed by juveniles sixteen years of age and older).

[3] The court recognizes that the Juvenile Information references 21 U.S.C. § 841 in Count 1. However, L.M. is not charged with violating Section 841 in Count 1; the citation simply serves to notify L.M. of the object of the alleged conspiracy and potential penalties involved. *Cf. Echavarria-Olarte v. Reno*, 35 F.3d 395, 397-99 (9th Cir. 1994), *cert. denied*, 514 U.S. 395 (1995) (distinguishing between the need to cite the offense charged in the indictment, i.e., the conspiracy, with the underlying substantive offenses).

4

§ 841, but rather alleges a violation of 21 U.S.C. § 846. Therefore, L.M. may not be tried as an adult on Count 1 unless Count 1 is a crime of violence. 18 U.S.C. § 5032; *see also United States v. Juvenile Male*, 923 F.2d 614, 616 n.3 (8th Cir. 1991) ("If conspiracy is not a crime of violence, then the government's certification was not sufficient to confer jurisdiction under section 5032."). The question thus boils down to whether conspiring to distribute a controlled substance is "a crime of violence."

## B. Crime of Violence

The Eighth Circuit Court of Appeals has not addressed the question of whether conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 is a crime of violence for purposes of 18 U.S.C. § 5032. However, the courts that have considered the question have determined that it is not a crime of violence. For example, the Ninth Circuit Court of Appeals held:

> Count 3 charged [the juvenile] with violating 21 U.S.C. § 846 by conspiring to manufacture, distribute, and possess with the intent to distribute marijuana . . . . Because count 3 alleged a violation of § 846 (albeit a conspiracy to violate § 841), the district court based its transfer order on a finding that the charged conspiracy was a "crime of violence." "Crime of violence" is defined in 18 U.S.C. § 16 . . . as:
>
>> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> Count 3 does not fall within part (a) of this definition because

5

> "the use, attempted use, or threatened use of physical force" is not an element of a drug conspiracy under § 846. The count does not fall within part (b) of the definition because a conspiracy to manufacture, distribute, or possess a controlled substance does not "by its nature" involve a substantial risk of physical force. Although . . . the violent overt acts alleged in count 3 made the conspiracy a crime of violence, the "by its nature" language of § 16(b) "implies that the generic, rather than the particular, nature of the predicate offense is determinative in defining a crime of violence." Had Congress intended a case-by-case inquiry into whether the felony as committed constituted a crime of violence, there would have been no need for the phrase "by its nature." . . . . Because not every § 846 conspiracy involves a substantial risk of physical force, count 3 did not allege a crime of violence and thus was not transferable.

*United States v. Baker*, 10 F.3d 1374, 1393-94 (9th Cir. 1993) (citing, in part, *Juvenile Male,* 923 F.2d at 619), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). Other courts have also indicated, if not squarely held, that a drug conspiracy is not a crime of violence for purposes of 18 U.S.C. § 5032. *See, e.g., United States v. Wilson*, 149 F.3d 610, 612 (7th Cir. 1998) (opining in dicta that "the statute specifically precludes transfers when the charge is conspiracy . . . ."); *In re Sealed Case (Juvenile Transfer)*, 893 F.2d 363, 368 (D.C. Cir. 1990) (assuming that conspiracy is not a transferrable offense and holding that the district court thus erred in considering acts in furtherance of a conspiracy when evaluating the nature of the alleged offense under 18 U.S.C. § 5032); *United States v. T.L.W.*, 925 F. Supp. 1398, 1403 (C.D. Ill. 1996) (assuming that conspiracy to distribute cocaine is not a transferable offense). These decisions are consistent with the general rule enunciated in a variety of contexts that drug conspiracies and drug trafficking are not by their nature "crimes of violence." *See, e.g., Roussos v. Menifee,* 122 F.3d 159, 160-64 (3d Cir. 1997) (holding Federal Bureau of

Prisons wrongfully denied prisoner eligibility for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because it wrongly determined a drug conspiracy in violation of 21 U.S.C. § 846 was a "crime of violence"); *United States v. Cruz,* 805 F.2d 1464, 1468 n.5 (11th Cir. 1986) (noting that a conspiracy to possess or distribute drugs is "clearly" not a crime of violence); *United States v. Diaz*, 778 F.2d 86, 88 (2d Cir. 1985) (holding convictions of conspiracy to distribute narcotics and possession with intent to distribute cocaine were not "crimes of violence" for purposes of 18 U.S.C. § 924(c)); *United States v. Wells*, 623 F. Supp. 645, 646-47 (S.D. Iowa 1985) (holding cocaine distribution is not a "crime of violence" within the firearm enhancement statute), *aff'd*, 773 F.2d 230 (8th Cir. 1985).

The court recognizes that the Eighth Circuit Court of Appeals has held that certain conspiracies may qualify as crimes of violence under 18 U.S.C. § 5032. For example, a conspiracy to commit murder in violation of 18 U.S.C. § 371 is a crime of violence under the Act. *Juvenile Male*, 923 F.3d at 620 (citing *United States v. Chimurenga*, 760 F.2d 400, 404 (2d Cir. 1985) (holding a conspiracy to commit armed robbery is a crime of violence under The Bail Reform Act, 18 U.S.C. § 3142)); *see also United States v. Kern*, 12 F.3d 122, 126 (8th Cir. 1993) (holding conspiracy to commit bank robbery is a crime of violence). In *Juvenile Male*, however, the Court did not hold that *all* conspiracies are crimes of violence under the Act; indeed, the Court expressly distinguished drug conspiracies. The Court discussed *In re Sealed Case* and wrote:

> The D.C. Circuit states that conspiracy to distribute drugs is not one of the transferrable offenses set forth in section 5032. . . . . At most, *In re Sealed Case* holds that conspiracy to commit a nonviolent crime, *see United States v. Cruz*, 805 F.2d 144, 1475 (11th Cir. 1986), *cert. denied*, 481 U.S. 1006 (1987) (possession with intent to distribute narcotics is not a crime of violence), is not a crime of violence. *In re Sealed Case*, then, does not deal with the question before us—whether conspiracy to commit murder is a crime of violence.

7

*Id.* at 618-19 (citing *In re Sealed Case*, 893 F.2d at 368-69).

The court holds that, if presented with the issue, the Eighth Circuit Court of Appeals would follow the lead of its sister circuits and hold that conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 is not a crime of violence for purposes of 18 U.S.C. § 5032. Because Count 1 is neither a crime of violence nor describes an offense in 21 U.S.C. § 841, the court shall deny the Motion to Transfer as to Count 1. 18 U.S.C. § 5032. The court lacks statutory authority to transfer L.M. to adult status on Count 1 of the Juvenile Information. *Id.*

## IV. DISPOSITION

Count 1 shall not be transferred. The juvenile delinquency hearing on Count 1 of the Juvenile Information remains set for April 17, 2006, at 8:30 a.m. In a contemporaneously filed sealed order, however, the court has decided to transfer L.M. to adult status on Counts 2 through 5.[4] Therefore, the delinquency hearing shall only involve Count 1.[5]

---

[4] The bifurcation of these two orders is necessary because the court analyzes confidential matters in the order transferring Counts 2 through 5. *See United States v. L.M.*, No. 06-CR-18-LRR, 2006 WL 855806, *7 n.8 (N.D. Iowa Mar. 31, 2006) (noting that transfer order or portions thereof shall be sealed to the extent they concern confidential matters).

[5] In *In re Sealed Case*, the government dismissed the conspiracy count, presumably without prejudice, once the district court determined that it was not transferrable. *In re Sealed Case*, 893 F.2d at 365. There is some authority that "[w]here a juvenile court retains jurisdiction of any count alleged in a petition, the child is not subject to prosecution as an adult for any offense alleged in the petition." 47 Am. Jur. 2d *Juvenile Courts & Delinquent & Dependent Children* § 41 (2006) (citing *Richardson v. State*, 770 S.W.2d 797 (Tex. Crim. App. 1989)). *But see United States v. Felix*, 503 U.S. 378, 389 ("[A]
(continued...)

**IT IS THEREFORE ORDERED THAT:**

(1) The court **DENIES IN PART** the government's Motion to Transfer Proceedings (docket no. 9) and

(2) The time between the filing of the government's Motion to Transfer Proceedings (docket no. 9) and the date of this Order is hereby excluded from calculation under 18 U.S.C. § 5036, the Act's speedy trial provision. The court finds that this time period should be excluded "in the interest of justice in the particular case." 18 U.S.C. § 5036; *see, e.g., United States v. David A.*, 436 F.3d 1201, 1207 (10th Cir. 2006) (holding delay attributable to the filing and disposition of the government's motion to transfer tolled the 30-day period under the speedy trial provision and remarking that "[e]very circuit that has addressed the issue has reached the same conclusion") (citing *United States v. A.R.*, 203 F.3d 955, 964 (6th Cir. 2000); *United States v. Sealed Juvenile 1*, 192 F.3d 488, 490-91 (5th Cir. 1999); *United States v. Wong*, 40 F.3d 1347, 1371 (2d Cir. 1994) and *United States v. Romulus*, 949 F.2d 713, 716 (4th Cir. 1991)).

**IT IS SO ORDERED.**

**DATED** this 12th day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[5](…continued)
substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes.").