# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. L.M. (a juvenile), Respondent. | No. 06-CR-18-LRR<br><br>**ORDER REGARDING APPLICATION TO AMEND CONDITIONS OF DETENTION** |

_____

Before the court is L.M.'s Application to Amend Conditions of Detention ("Application") (docket no. 42).

L.M. is presently in the custody of the Linn County Juvenile Detention Center. In his Application, L.M. asks the court to allow him to leave the Linn County Juvenile Detention Center to complete a mental health evaluation at the Abbe Center. The mental health evaluation is scheduled for Friday, May 5, 2006, at 11:15 a.m.[1] L.M. has informed the court that the government does not resist the Application.

The Linn County Juvenile Detention Center may release L.M. for an evaluation at the Abbe Center on Friday, May 5, 2006, at 11:15 a.m. *See* 18 U.S.C. § 5034 ("Every juvenile in custody shall be provided with . . . necessary psychiatric, psychological, or other care and treatment."). L.M.'s mother may transport L.M. directly to and directly

---

[1] In his Application, L.M. also asks for the United States Marshal's Service to pay for the evaluation. The court is not aware that any such funds are available. At a prior hearing, L.M. represented to the court that this request was moot, because the Linn County Kids Wraparound Fund had agreed to pay for his evaluation. If this is no longer true, L.M. should file a separate motion with the court, citing any authority for the use of United States Marshal's Service funds.

from the Abbe Center. L.M. may leave the Linn County Juvenile Detention Center no earlier than 10:45 a.m. and must immediately return to the Linn County Juvenile Detention Center when the mental health evaluation is completed. It is anticipated that the evaluation will last approximately one hour. L.M.'s mother is responsible for L.M. during the time he is away from the Linn County Juvenile Detention Center and must accompany him at all times.

The court notes that L.M.'s Application was filed under seal. The court shall direct the Clerk of Court to unseal the Application. The parties are reminded of the court's March 31, 2006 order, in which the court ordered that "[i]n the future, no filings or orders in this case will be sealed absent a specific court order." Neither L.M.'s Application nor the instant Order contains confidential information necessitating the sealing of such documents. *See generally United States v. L.M.*, 2006 WL 962154, at *5-6 (N.D. Iowa Mar. 31, 2006) (holding that "all records in this case shall be unsealed, so long as all references to L.M.'s name and all pictures of L.M. are first redacted" (citing 18 U.S.C. § 5038(e)).

**IT IS THEREFORE ORDERED:**

(1) L.M.'s Application to Amend Conditions of Detention (docket no. 42) is **GRANTED**; and

(2) The Clerk of Court is directed to **UNSEAL** L.M.'s Application to Amend Conditions of Detention (docket no. 42).

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA